[Cite as *Jones v. Ohio Dept. of Rehab. & Corr.*, 2016-Ohio-5425.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Johnny L. Jones, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 16AP-138 |
| v. | : | (Ct. of Cl. No. 2014-00891) |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on August 18, 2016

**On brief:** *Johnny L. Jones*, pro se.

**On brief:** *Michael DeWine*, Attorney General, *James P. Dinsmore*, and *Timothy M. Miller*, for appellee.

APPEAL from the Court of Claims of Ohio

SADLER, J.

{¶ 1} Plaintiff-appellant, Johnny L. Jones, appeals from a judgment of the Court of Claims of Ohio in favor of defendant-appellee, Ohio Department of Rehabilitation and Corrections ("ODRC"). For the reasons that follow, we affirm.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In 1990, the Mahoning County Court of Common Pleas convicted appellant of rape, kidnapping, and aggravated robbery. The court sentenced appellant to an indefinite prison term of 15 to 25 years. In 1997, a Richland County Grand Jury indicted appellant on one count of felonious assault in connection with a fight appellant had with another inmate on September 14, 1996. The court convicted appellant of felonious assault

and sentenced him to a definite prison term of eight years, consecutive to his sentence in the 1990 case.

{¶ 3} According to appellant, ODRC erroneously determined that Ohio law required that he serve his definite, consecutive term of eight years before completing the remainder of his indefinite term. This resulted in a new aggregate sentence of 23 to 33 years and a corresponding delay in appellant's parole eligibility. Consequently, the Ohio Adult Parole Authority moved the date of appellant's first parole hearing from the year 2000 to the year 2007 due to the 1997 conviction.

{¶ 4} Appellant believes that ODRC should have first applied his prison time to his indefinite term of 15 to 25 years, making him eligible for release after he had served a total of 23 years, the minimum 15-year term for the 1990 conviction followed by the 8-year prison term for the 1997 conviction. In 2014, appellant filed an action against ODRC in the Court of Claims seeking damages for false imprisonment. The case was tried to a magistrate of the court on the issue of liability. On November 16, 2015, the magistrate issued a decision recommending judgment for ODRC. Appellant filed objections to the magistrate's decision on November 30, 2015, but he did not file a transcript of proceedings before the magistrate or an affidavit of evidence.

{¶ 5} On February 4, 2016, the Court of Claims issued a judgment entry overruling appellant's objections, adopting the magistrate's decision as its own, and entering judgment in favor of ODRC. Appellant timely appealed to this court from the judgment of the Court of Claims.

## II. ASSIGNMENTS OF ERROR

{¶ 6} Appellant assigns the following as error:

[1.] THE MAGISTRATE ERRED IN IT'S [sic] RULING THAT THE OHIO DEPARTMENT OF REHABILITATION, (hereinafter O.D.R.C.) HAD SOME LEGAL PRIVILEGE TO KEEP APPELLANT, WHO WAS LAWFULLY SENTENCED TO IMPRISONMENT, BEYOND THE EXPIRATION OF HIS SENTENCE.

[2.] IF THE EXPIRATION OF A SENTENCE DOES NOT CREATE A DUTY TO RELEASE A PRISONER BREACH OF WHICH CONSTITUTES FALSE IMPRISONMENT.

[3.] THE COURT ERRED WHEN IT FAILED TO ADDRESS THE ISSUE OF APPELLANTS [sic] RIGHT TO SEE THE PAROLE BOARD BEFORE THE EXPIRATION OF APPELLANTS [sic] minimum sentence, Ohio Revised Code §2967.13, and Civil Rights Act of 1871.

[4.] THE MAGISTRATE ERRED WHEN IT DIDN'T ADDRESS THE BREACH OF THE PLEA AGREEMENT APPELLANT HAD WITH THE STATE OF OHIO.

## III.  LEGAL ANALYSIS

### A.  First, Second, and Third Assignments of Error

{¶ 7}   In appellant's first, second, and third assignments of error, appellant contends that he is entitled to an award of damages for false imprisonment because ODRC has continued to confine him beyond his lawful term.  We disagree.

{¶ 8}   The state may be held liable for false imprisonment. *McKinney v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-960, 2010-Ohio-2323, ¶ 8. False imprisonment occurs when a person confines another intentionally without lawful privilege and against his consent within a limited area for any appreciable time, however short.  *Griffin v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-733, 2011-Ohio-2115, ¶ 20, citing *Bennett v. Ohio Dept. of Rehab. & Corr.*, 60 Ohio St.3d 107, 109 (1991). ODRC may be found liable for the tort of false imprisonment if it intentionally continues to confine an inmate despite having knowledge that the privilege initially justifying that confinement no longer exists.  *Baker v. Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-987, 2012-Ohio-1921, ¶ 12, citing *Bennett* at 109.  Thus, the elements of an inmate's claim of false imprisonment are: (1) expiration of the lawful term of confinement, (2) intentional confinement after the expiration, and (3) knowledge that the privilege initially justifying the confinement no longer exists.  *Griffin* at ¶ 19, quoting *Corder v. Ohio Dept. of Rehab. & Corr.*, 94 Ohio App.3d 315, 318 (10th Dist.1994).

{¶ 9}   Appellant argues that ODRC misapplied the relevant provisions of the Ohio Administrative Code when it determined that Ohio law required appellant to immediately begin serving his consecutive 8-year term, resulting in an adjusted aggregate prison term of 23 to 33 years and corresponding delay in his parole eligibility.  ODRC argues that it continues to confine appellant because his sentence has not expired, and he has not been

released on parole. In overruling appellant's objections in this case, the Court of Claims determined that the *McKinney* case barred appellant's false imprisonment claim against ODRC.

{¶ 10} In *McKinney*, ODRC incarcerated McKinney pursuant to an October 10, 2003 judgment entry that revoked his community control. McKinney brought suit against ODRC in the Court of Claims alleging false imprisonment. Relying on the holding in *Davis v. Wolfe*, 92 Ohio St.3d 549, 552 (2001), and former R.C. 2951.09, McKinney claimed that the judgment entry was void on its face because the entry itself noted that his period of community control ended June 22, 2003, yet his community control was not revoked until October 10, 2003.[1] The Court of Claims granted ODRC's motion for summary judgment, and McKinney appealed to this court.

{¶ 11} On appeal, McKinney maintained that the plain language of the judgment entry put ODRC on notice that the trial court lacked jurisdiction to revoke his community control. This court disagreed, concluding that ODRC is immune from liability for false imprisonment when it confines plaintiff pursuant to a facially-valid judgment or order, even if the facially-valid judgment or order is later determined to be void. *McKinney* at ¶ 9. This court further stated that "[f]acial invalidity does not require the consideration of extrinsic information or the application of case law." *Id.* at ¶ 12, citing *Gonzales v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 08AP-567, 2009-Ohio-246, ¶ 10. Applying the prevailing rule of law to McKinney's claim, this court found that "the invalidity of the judgment entry is only apparent by the application of case law." *Id.* Accordingly, this court concluded that the Court of Claims did not err in granting summary judgment for ODRC. *Id.* at ¶ 13.

{¶ 12} This court has applied the *McKinney* "facial invalidity" rule in a number of subsequent decisions. *See, e.g.*, *Beachum v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-635, 2012-Ohio-673 (*McKinney* bars a false imprisonment claim based on an inmate's contention that his prison sentence was void because the trial court's sentencing entries failed to properly notify him of post-release control); *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 14 (citing *McKinney*, this

---

[1] In *Davis*, the Supreme Court of Ohio held that a trial court lacks jurisdiction to revoke probation after the end of a probationary period.

court held that an inmate's claim that ODRC imprisoned him beyond his lawful term fails to state a claim against ODRC where the sentencing entry is valid on its face but failed to credit the inmate with all jail-time served); *Pruitt v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-117, 2013-Ohio-3743 (relying on *McKinney,* this court held that the Court of Claims did not err when it dismissed plaintiff's claim for false imprisonment because the plaintiff was sentenced pursuant to a facially-valid sentencing entry and the plaintiff's basis for the false imprisonment claim was that the sentencing court erred in its calculation of jail-time credit).  In *McKinney* and in the subsequent decisions of this court holding that *McKinney* disposed of an inmate's false imprisonment claim, the inmate alleged that the sentencing court erred when it imposed sentence even though the error was not apparent on the face of the sentencing entry.

{¶ 13} Here, appellant does not contend that the sentencing court imposed an illegal or invalid prison term for either of his convictions, nor does he contend that either of the two sentences is void.   Rather, appellant claims that ODRC erred when it determined that Ohio law required appellant to first serve the eight-year definite term before completing the remainder of his indefinite sentence, resulting in the lengthening of his aggregate prison term and a delay in his parole eligibility.  Thus, unlike *McKinney* and the cases decided thereunder, appellant alleges error on the part of ODRC in failing to properly calculate his sentence expiration date.  According to appellant, ODRC's error in interpreting valid and unambiguous sentencing entries caused his illegal confinement. Because appellant does not allege error on the part of the sentencing court, we do not believe *McKinney* disposes of his false imprisonment claim.

{¶ 14} Nevertheless, in addition to concluding that *McKinney* disposed of appellant's action for false imprisonment, the magistrate rejected appellant's claim that ODRC miscalculated his sentence expiration date.  Specifically, the magistrate concluded that, pursuant to the relevant provisions of the Ohio Administrative Code, appellant must serve his definite term of imprisonment imposed by the court in 1997 before he completes the indefinite prison term imposed by the court in 1990.  We agree with the magistrate's analysis.

{¶ 15} Ohio Adm.Code 5120-2-03.2 provides, in relevant part, as follows:

(A)  As used in this rule:

(1) "Senate Bill 2 sentence" means a prison term imposed for offenses committed on or after July 1, 1996 but before September 30, 2011, to be served with the department of rehabilitation and correction.

* * *

(4) "Pre-Senate Bill 2 indefinite sentence" means indefinite sentences imposed for offenses committed before July 1, 1996, to be served with the department of rehabilitation and correction.

* * *

(E) When a Senate Bill 2 sentence * * * is imposed to run consecutively to a pre-Senate Bill 2 indefinite sentence, any Senate Bill 2 sentence shall be served first, * * * and, lastly, the pre-Senate Bill 2 indefinite sentence shall be served.

{¶ 16} When a sentencing court imposes a definite term of imprisonment consecutively to an indefinite term, the Ohio Administrative Code requires the prisoner to serve the definite term first, followed by the indefinite term. *State v. Hilliard*, 5th Dist. No. 15CA16, 2015-Ohio-5324, ¶ 40-41. " 'While the prisoner serves the definite term, the indefinite term is tolled.' " *Id.* at ¶ 39, quoting *Davis v. Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-337, 2014-Ohio-4589, ¶ 16. In light of the relevant provisions of the Administrative Code, ODRC did not err when it determined that Ohio law required appellant to first serve his definite prison term for an offense committed after July 1, 1996, before completing his indefinite prison term for an offense committed before July 1, 1996. Thus, ODRC did not err when it adjusted his aggregate prison term from 15 to 25 years to 23 to 33 years. Furthermore, because appellant's indefinite sentence tolled during his service of the definite prison term, appellant's claim that ODRC erred by deferring his parole eligibility from 2000 to 2007 is also without merit. *Hilliard*.

{¶ 17} Pursuant to R.C. 2949.12, a convicted felon "shall be kept within the institution, jail, or workhouse until the term of the felon's imprisonment expires, the felon is pardoned, paroled, or placed under a post-release control sanction, or the felon is transferred under laws permitting the transfer of prisoners." *Fisk v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-432, 2011-Ohio-5889, ¶ 16. There is no dispute that at the

time appellant filed his complaint in the Court of Claims, appellant had served just over 23 years in prison. Because appellant's maximum prison term of 33 years has not expired and because he has not received parole, ODRC's initial privilege to confine appellant still exists and ODRC is not liable to appellant for false imprisonment.

{¶ 18} Based on the foregoing, we overrule appellant's first, second, and third assignments of error.

### B. Fourth Assignment of Error

{¶ 19} In appellant's fourth assignment of error, appellant claims that the magistrate erred by failing to address his allegation that ODRC violated his plea agreement. Appellant alleges that his 1997 plea agreement guaranteed him a parole hearing on the completion of his minimum sentence.

{¶ 20} The magistrate's decision makes no mention of appellant's plea agreement. The Court of Claims overruled appellant's objection on this issue because appellant failed to support his objection with a transcript of the proceedings held before the magistrate. Civ.R 53(D)(3)(b) provides, in relevant part, as follows:

> (iii) Objection to magistrate's factual finding; transcript or affidavit. An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available.
>
> (iv) Waiver of right to assign adoption by court as error on appeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

{¶ 21} Pursuant to Civ.R. 53(D)(3)(b)(iii), the absence of a transcript or an affidavit of evidence prevented the Court of Claims from reviewing appellant's objection. Additionally, because appellant failed to support his objection with a transcript of proceedings, appellant waived the argument he raises in his fourth assignment of error. Civ.R. 53(D)(3)(b)(iv); *Huffer v. Huffer*, 10th Dist. No. 12AP-883, 2013-Ohio-1575, ¶ 8,

citing *Petty v. Equitable Prod. & E. States Oil & Gas, Inc.*, 7th Dist. No. 05 MA 80, 2006-Ohio 887, ¶ 23-24.

{¶ 22} For the foregoing reasons, appellant's fourth assignment of error is overruled.

## IV. CONCLUSION

{¶ 23} Having overruled appellant's four assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

TYACK and LUPER SCHUSTER, JJ., concur.

_____