[Cite as *Dailey v. Dept. of Rehab. & Corr.*, 2018-Ohio-3500.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| James Dailey, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 18AP-21 |
| v. | : | (Ct. of Cl. No. 2016-00928) |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on August 30, 2017

**On brief:** *James Dailey*, pro se.

**On brief:** *Michael DeWine*, Attorney General, and *Lee Ann Rabe*, for appellee.

APPEAL from the Court of Claims of Ohio

SADLER, J.

{¶ 1} Plaintiff-appellant, James Dailey, appeals from a judgment of the Court of Claims of Ohio, in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"). For the reasons that follow, we affirm.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} Appellant is an inmate at ODRC's Marion Correctional Institution. Appellant was first convicted of several felonies in 1984 and sentenced to an indefinite prison term of four to fifteen years with a one year specification which was to be served consecutively to the indefinite term. ODRC calculated a sentence expiration date of December 21, 1999, but appellant was released on parole in 1990.

{¶ 3}   Appellant was again incarcerated in 1990 after being convicted on new felony charges and sentenced to an aggregate prison term of two to ten years.  Pursuant to former R.C. 2929.41, appellant was ordered to serve his prison term for the 1990 convictions consecutive to the prior indefinite sentence from which he had been paroled.  ODRC calculated a new sentence expiration date of June 6, 2009, but appellant was released on parole in 1993.

{¶ 4}   In 1994, appellant was convicted and sentenced on another felony for which he received an indefinite prison sentence of two to five years.  Pursuant to former R.C. 2929.41(B)(3), appellant was ordered to serve this latest prison term consecutive to the prior indefinite terms.  Following his sentence for the 1994 convictions, ODRC calculated a sentence expiration date in 2014.

{¶ 5}   Appellant was paroled in 1999, but he was again convicted of multiple felonies in three separate cases in 2000.  The new convictions violated the terms of appellant's parole.  The sentencing court imposed an aggregate prison term of five years for the convictions.  Two of the convictions were for violations of R.C. 2921.331, "[f]ailure to comply with order or signal of police officer," a felony of the third degree.  The sentencing court ordered appellant to serve the prison terms for the felony failure to comply convictions, one year and four years respectively, concurrent to the other convictions and concurrent with one another.  The sentencing entry was silent as to whether appellant was to serve the prison terms for the failure to comply convictions concurrently or consecutively to the unexpired sentences for which appellant was on parole.  ODRC, applying former R.C. 2921.331(D), calculated appellant's sentence expiration date based on the statutory mandate that the offender serve prison terms imposed for felony failure to comply convictions "consecutively to any other prison term or mandatory prison term imposed upon the offender."  Former R.C. 2921.331(D).  As a result, ODRC calculated appellant's new release date as June 20, 2019.

{¶ 6}   Appellant was released on parole in 2005.  In 2007, appellant was convicted and sentenced in three separate cases to an aggregate prison term of five years.  In Cuyahoga County C.P. No. CR-07-491317-A, appellant was convicted of felony failure to comply for which the court imposed a prison term of four years to run consecutive to a one year prison term for receiving stolen property but concurrent to the convictions in the other

two cases. The sentencing entry was silent as to whether the prison term for the conviction of felony failure to comply was to run concurrently or consecutively to the unexpired sentences for which appellant was paroled. ODRC, applying former R.C. 2921.331(D), ran appellant's sentence for the felony failure to comply conviction consecutive to the unexpired prison terms for which appellant had been paroled and calculated a sentence expiration date of June 8, 2023.

{¶ 7} On December 22, 2016, appellant filed a complaint in the Court of Claims alleging ODRC has continued to confine him beyond his lawful prison term. Appellant's complaint alleges that his sentence expired on June 21, 2014 and that he has been falsely imprisoned by ODRC since that date. On March 6, 2017, appellant, with leave of court, filed an amended complaint alleging essentially the same operative facts.

{¶ 8} On September 22, 2017, appellant filed a motion for summary judgment. ODRC also filed a motion for summary judgment on September 20, 2017. ODRC's motion is supported by the affidavit of Carla J. Black, who is employed by ODRC as the Records Sentence Computation Auditor/Release Supervisor, Bureau of Sentence Computation. True and accurate copies of sentencing entries for each of appellant's convictions are attached to the affidavit as exhibits. In her affidavit, Black avers, in relevant part, as follows:

> 3. In the course of my job duties, I am responsible for reviewing sentencing information from courts and calculating release dates for inmates * * *.
>
> * * *
>
> 20. On August 3, 2000, [appellant] was admitted under Inmate No. 395-024. At that time, his parole was also revoked on [the prison term for the 2000 convictions]. Additionally, pursuant to R.C. 2921.331, the sentences [appellant] received for Failure to Comply had to be calculated consecutively to the parole violation sentences. Upon review of the sentencing orders [in the 2000 cases], and application of the requirements of R.C. 2921.331, [appellant's] sentence expiration was calculated to be June 20, 2019.
>
> * * *
>
> 24. On March 8, 2007, [appellant] was admitted under Inmate No. 522-949. At that time, his parole was also revoked on [the

> prison term for the 2000 convictions]. Again pursuant to R.C. 2921.331, [appellant's] sentences for Failure to Comply had to be calculated consecutively to his other sentences. Upon review of the sentencing orders [in the 2007 cases], and application of the requirements of R.C. 2921.331, [appellant's] sentence expiration was calculated to be June 8, 2023.

(Black Aff. at 1, 3, 4, attached to ODRC's Mot. for Summ. Jgmt.)

{¶ 9} On December 8, 2017, the Court of Claims issued a decision granting ODRC's motion for summary judgment and denying appellant's motion. The Court of Claims determined that because the sentencing entries issued in the 2000 and 2007 cases were silent as to whether appellant was to serve the prison terms for the felony failure to comply convictions concurrently or consecutively to the prior sentences for which appellant had been paroled, ODRC had the authority to apply the mandatory consecutive sentencing provision in former R.C. 2921.331(D) in calculating appellant's sentence expiration date.

{¶ 10} Appellant timely appealed to this court from the decision of the Court of Claims.

## II. ASSIGNMENT OF ERROR

{¶ 11} Appellant sets forth a single assignment of error as follows:

> THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT.

## III. STANDARD OF REVIEW

{¶ 12} Summary judgment is proper only when the party moving for summary judgment demonstrates that (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in that party's favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 13} Appellate review of a summary judgment motion is de novo. *Johnston v. State*, 10th Dist. No. 12AP-1022, 2016-Ohio-4761, ¶ 7, citing *Helfrich v. Allstate Ins. Co.*, 10th Dist. No. 12AP-559, 2013-Ohio-4335, ¶ 7. " ' "When reviewing a trial court's ruling on

summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." ' " *Johnston* at ¶ 7, quoting *Helfrich* at ¶ 7, quoting *Mergenthal v. Star Banc Corp.*, 122 Ohio App.3d 100, 103 (12th Dist.1997).

## IV. LEGAL ANALYSIS

{¶ 14} The facts of this case are not in dispute. Rather, the parties disagree as to the applicable legal rule. In appellant's assignment of error, appellant argues the Court of Claims erred when it granted ODRC's motion for summary judgment and denied appellant's motion for summary judgment because ODRC did not have the authority to require appellant to serve the sentence imposed for the 2000 and 2007 convictions of felony failure to comply consecutive to the sentences for which he was on parole. We disagree.

{¶ 15} The state may be held liable for false imprisonment of inmates in its custody. *McKinney v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-960, 2010-Ohio-2323, ¶ 8. False imprisonment occurs when a person confines another intentionally without lawful privilege and against his consent within a limited area for any appreciable time. *Jones v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 16AP-138, 2016-Ohio-5425, ¶ 8, citing *Griffin v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-733, 2011-Ohio-2115, ¶ 20, citing *Bennett v. Ohio Dept. of Rehab. & Corr.*, 60 Ohio St.3d 107, 109 (1991). ODRC may be found liable for the tort of false imprisonment if it intentionally continues to confine an inmate despite having knowledge that the privilege initially justifying that confinement no longer exists. *Jones* at ¶ 8, citing *Baker v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-987, 2012-Ohio-1921, ¶ 12, citing *Bennett* at 109. Accordingly, "the elements of an inmate's claim of false imprisonment are: (1) expiration of the lawful term of confinement, (2) intentional confinement after the expiration, and (3) knowledge that the privilege initially justifying the confinement no longer exists." *Jones* at ¶ 8, citing *Griffin* at ¶ 19, quoting *Corder v. Ohio Dept. of Rehab. & Corr.*, 94 Ohio App. 3d 315, 318 (10th Dist.1994).

{¶ 16} In granting summary judgment for ODRC, the Court of Claims relied on the rule of law articulated by the Supreme Court of Ohio in *State ex rel. Thompson v. Kelly*, 137 Ohio St.3d 32, 2013-Ohio-2444. In *Thompson*, the offender, Thompson, was convicted in 1985 and sentenced to a concurrent term of imprisonment for several offenses committed while he was on parole. The sentencing entry, however, did not state that Thompson was

to serve his sentence concurrently with the 1979 sentence for which Thompson had been paroled. The sentencing entry was silent with regard to the prior unexpired sentence. Some years later, Thompson, believing his sentence had expired, sought a writ of habeas corpus compelling the warden to release him from custody. The warden argued that the version of R.C. 2929.41(B)(3) in effect at the time Thompson was sentenced required sentences for new felonies committed while on parole to be served consecutively to the sentence for which he was on parole. Accordingly, the warden maintained Thompson's sentence had not yet expired. The Supreme Court agreed with the warden. In affirming the Court of Appeals judgment denying the writ, the Supreme Court stated:

> [T]he statute at the time required that Thompson's sentences be served consecutively. But even if it did not, the judgment entries do not support Thompson's arguments. Because the courts imposing the sentences for crimes committed while Thompson was on parole did not specifically state that the sentences were to run concurrently with Thompson's 1979 sentence, the later sentences were to be served consecutively to the earlier sentence.

*Id.* at ¶ 10.

{¶ 17} *Thompson* stands for the proposition that when a sentencing entry does not state the prison term being imposed on the offender is to run concurrently with another sentence imposed on the offender and the applicable statutory law mandates consecutive service, ODRC has the authority to apply the statutory law in determining sentence expiration. *See Young v. Bunting*, 3d Dist. No. 9-13-46, 2014-Ohio-3671, ¶ 13, quoting *Thompson* at ¶ 10 ("where the court imposing the sentences did not specifically address how the sentences were to run and the statutory construction required them to be served 'consecutively to the earlier sentence,' the statute prevailed and the defendant had to serve the sentences consecutively"). In this instance, the 2000 and 2007 sentencing entries do not state whether appellant is to serve the prison terms imposed on him for the felony failure to comply convictions concurrently or consecutively to the unexpired prison terms for which appellant was on parole. Accordingly, pursuant to the rule of law in *Thompson*, ODRC had the authority to apply the mandatory consecutive service provision of former R.C. 2921.331(D) in calculating appellant's sentence expiration date.

{¶ 18} The version of R.C. 2921.331 in effect when appellant was sentenced in 2000 provided, in relevant part, as follows:

> (B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.
>
> (C)(1) Whoever violates this section is guilty of failure to comply with an order or signal of a police officer.
>
> * * *
>
> (5)(a) *A violation of division (B) of this section is a felony of the third degree* * * *.
>
> (D)  If an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and *if the offender is sentenced to a prison term for that violation, the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender.*

(Emphasis added.)

{¶ 19} The relevant provisions of the 2007 version of R.C. 2921.331 are identical to the relevant provisions of the 2000 version set forth above.  Both the 2000 and 2007 versions of the applicable statutory law mandate that appellant serve his felony failure to comply convictions "consecutively to any other prison term."  Former R.C. 2921.331(D). Because the sentencing entries in 2000 and 2007 did not state appellant was to serve the sentences imposed for the felony failure to comply convictions concurrent to the unexpired prison terms from which he had been paroled, ODRC had the authority to apply the mandatory consecutive sentencing provisions in R.C. 2921.331(D) in calculating appellant's sentence expiration date.  Pursuant to ODRC's calculations, appellant's sentence expiration date is June 8, 2023.

{¶ 20} Appellant argues the *Thompson* case is distinguishable because the statutory felony sentencing scheme under which *Thompson* was decided has been changed.  More particularly, appellant contends that subsequent to 1996, R.C. 2929.41 no longer provided sentences for crimes committed while on parole must be served consecutively to sentences

for crimes committed before the parole violation. Though we agree the version of R.C. 2929.41 that was in effect when appellant was sentenced in both 2000 and 2007 no longer provided that sentences for crimes committed while on parole must be served consecutively to sentences for crimes committed before the parole violation, R.C. 2929.41 was not the statutory provision on which ODRC relied in calculating his sentence expiration date in this case. Rather, ODRC relied on the mandatory consecutive sentencing provisions of R.C. 2921.331(D), as it existed in both 2000 and 2007, in determining that the sentences imposed on appellant for the felony failure to comply convictions must be served consecutively to the unexpired sentences for which appellant was on parole. Thus, ODRC did not rely on the fact that appellant committed each of the felony failure to comply offenses while on parole in calculating appellant's sentence expiration date in 2000 and 2007.

{¶ 21} Because there is no factual dispute that appellant's lawful term of confinement has yet to expire, appellant cannot satisfy the elements of his claim of false imprisonment, and ODRC is entitled to judgment as a matter of law. Accordingly, we hold the Court of Claims did not err when it granted summary judgment in favor of ODRC and denied appellant's motion for summary judgment. Appellant's assignment of error is overruled.

## V. CONCLUSION

{¶ 22} Having overruled appellant's sole assignment of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

BROWN, P.J., and BRUNNER, J., concur.

_____