**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Dailey v. Wainwright,* **Slip Opinion No. 2019-Ohio-2064.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-2064

DAILEY, APPELLANT, *v*. WAINWRIGHT, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Dailey v. Wainwright,* Slip Opinion No. 2019-Ohio-2064.]**

*Habeas corpus—Inmate failed to comply with requirements of R.C. 2725.04(D)—Court of appeals' dismissal of petition affirmed.*

(No. 2018-1827—Submitted April 23, 2019—Decided May 30, 2019.)

APPEAL from the Court of Appeals for Marion County, No. 9-18-0027.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Third District Court of Appeals dismissing the petition for a writ of habeas corpus filed by appellant, James Dailey. The court of appeals correctly concluded that Dailey's petition failed to comply with the requirements of R.C. 2725.04(D).

**Facts and Procedural History**

{¶ 2} According to his petition and attached documents, Dailey was sentenced to prison for 4 to 15 years in 1984 and was released on parole in 1990.

After committing additional offenses while on parole, he was sentenced to prison for 2 to 10 years in 1991 and was released on parole in 1993. Over the next 14 years, Dailey was repeatedly imprisoned for various additional offenses. Most recently, in March 2007, Dailey was convicted and sentenced in three separate cases to a total of five years in prison. As a result, the expiration date of his maximum aggregate sentence was recalculated as June 2023.

{¶ 3} On September 17, 2018, Dailey filed in the Third District a petition for a writ of habeas corpus against appellee, Lyneal Wainwright, warden of the Marion Correctional Institution. Dailey claimed that his maximum aggregate sentence had expired in June 2014. He attached to his petition commitment papers for some his sentences as well as a sentence-computation summary prepared by the Bureau of Sentence Computation ("BSC").

{¶ 4} The warden moved to dismiss or for summary judgment. The court of appeals granted the motion over Dailey's objections, holding that Dailey had failed to attach relevant commitment papers and that his claims were barred by res judicata. Dailey appealed.

**Legal Analysis**

{¶ 5} When filing a petition for a writ of habeas corpus, "[a] copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy." R.C. 2725.04(D). Thus, to "state a claim for habeas relief and satisfy the Revised Code filing requirements, [the petitioner] need[s] to submit complete records of his incarcerations and releases." *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. Failure to attach the relevant commitment papers is fatally defective to a petition for a writ of habeas corpus because "[w]hen a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of

[the] petitioner's application." *Bloss v. Rogers*, 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992).

**{¶ 6}** Dailey argues that he complied with the procedural requirements of R.C. 2725.04(D) by attaching the "relevant" commitment papers to his petition. According to the sentence-computation summary that Dailey attached to his petition, his parole was revoked several times prior to 2007, ultimately increasing his maximum expiration date to 2023. Because Dailey did not attach all of his commitment papers or any of his parole-revocation records, it is impossible to determine how much time was left on Dailey's various sentences when his parole was revoked. The BSC sentence-computation summary that he attached to his petition does not satisfy the requirements of R.C. 2725.04(D). *State ex rel. Winnick v. Gansheimer*, 112 Ohio St.3d 149, 2006-Ohio-6521, 858 N.E.2d 409, ¶ 5 ("The attached, but unsigned and unverified, [prison] update sheet does not constitute an appropriate commitment paper").

**{¶ 7}** Accordingly, the court of appeals correctly dismissed Dailey's petition for failure to comply with R.C. 2725.04(D). *State ex rel. Crigger v. Ohio Adult Parole Auth.*, 82 Ohio St.3d 270, 272, 695 N.E.2d 254 (1998) (failure to attach all the pertinent commitment papers, including those concerning parole-revocation proceedings, results in dismissal). Because we conclude that the court of appeals correctly determined that Dailey failed to comply with R.C. 2725.04(D), we need not address Dailey's res judicata arguments.

**{¶ 8}** For the foregoing reasons, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

James Dailey, pro se.

Dave Yost, Attorney General, and Maura O'Neill Jaite, Assistant Attorney General, for appellee.

_____