**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as**
*Dailey v. Wainwright*, **Slip Opinion No. 2020-Ohio-4519.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4519

DAILEY, APPELLANT, *v.* WAINWRIGHT, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Dailey v. Wainwright*, Slip Opinion No. 2020-Ohio-4519.]**

*Habeas corpus—Inmate unsuccessfully raised same arguments in at least two previous habeas proceedings—Court of appeals' dismissal of petition affirmed.*

(No. 2020-0157—Submitted June 2, 2020—Decided September 23, 2020.)

APPEAL from the Court of Appeals for Marion County, No. 9-19-72.

_____

**Per Curiam.**

{¶ 1} Appellant, James Dailey, appeals the Third District Court of Appeals' judgment dismissing his habeas corpus petition against appellee, Lyneal Wainwright, warden of the Marion Correctional Institution ("MCI"). We affirm.

**Factual Background**

{¶ 2} Dailey is an inmate at MCI. In 1984, he was convicted of various criminal offenses and sentenced to a total of 5 to 15 years' imprisonment. Dailey

was released on parole in 1990, but his parole was revoked in 1991 after he committed new offenses. Dailey was sentenced to 2 to 10 years' imprisonment for the offenses he committed while on parole. Under former R.C. 2929.41(B), Dailey's sentence for the new offenses was required to be served consecutively to his prior sentence, increasing his maximum aggregate sentence to 25 years.[1]

{¶ 3} Dailey was released on parole again in February 1993. Later that year, he was convicted of new offenses and sentenced to 2 to 5 years' imprisonment. Dailey alleges that under former R.C. 2929.41(B), his maximum aggregate sentence at that time was 30 years, expiring in 2014.

{¶ 4} Over the next 14 years, Dailey was paroled twice more, only to have his parole revoked each time for committing additional offenses. Dailey was sentenced to 5-year prison terms for convictions in 2000 and 2007. The judgment entries for those convictions were silent as to whether Dailey was to serve his sentences concurrently with or consecutively to the unexpired sentences for which he had been on parole. And before his 2000 convictions, the relevant language of former R.C. 2929.41(B) relating to consecutive sentences had been repealed. *See* Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, 7502-7504. But in 2000 and 2007, Dailey was convicted of, among other crimes, failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331. At those times, R.C. 2921.331(D) required that any sentence imposed for failure to comply be served "consecutively to any other prison term or mandatory prison term imposed upon the offender." Sub.H.B. No. 29, 148 Ohio Laws, Part I, 367, 368; Am.Sub.S.B. No. 123, 149 Ohio Laws, Part II, 2467, 2545.

---

1. At the time of Dailey's 1991 and 1993 convictions, R.C. 2929.41(B)(3) provided: "A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases: * * * When it is imposed for a new felony committed by a probationer, parolee, or escapee." Am.Sub.S.B. No. 258, 143 Ohio Laws, Part I, 1307, 1438; Am.Sub.H.B. No. 561, 144 Ohio Laws, Part IV, 5911, 5912.

{¶ 5} In 2018, Dailey filed in the Third District a petition for a writ of habeas corpus against Wainwright, alleging that his maximum aggregate sentence had expired in 2014. The Third District dismissed the petition, holding that Dailey had failed to attach all his relevant commitment papers as required by R.C. 2725.04(D) and that his claims were barred by res judicata. This court affirmed the dismissal under R.C. 2725.04(D), without reaching the res judicata issue. *Dailey v. Wainwright*, 156 Ohio St.3d 510, 2019-Ohio-2064, 129 N.E.3d 444, ¶ 7.

{¶ 6} In October 2019, Dailey commenced this action in the Third District, again seeking a writ of habeas corpus on the basis that his maximum aggregate sentence had expired. Dailey argues that because of the 1996 repeal of former R.C. 2929.41(B), the five-year sentences imposed for his 2000 and 2007 convictions were to be served concurrently with the sentences he had resumed serving following his parole revocations. Therefore, Dailey asserts, he should have been released from prison in 2014 and Wainwright is holding him unlawfully at MCI.

{¶ 7} Wainwright filed a motion to dismiss under Civ.R. 12(B)(6) and/or for summary judgment under Civ.R. 56(C), which Dailey opposed. In support of summary judgment, Wainwright argued that res judicata barred Dailey's petition. To support his res judicata argument, Wainwright first relied on a wrongful-imprisonment action that Dailey had pursued against the Ohio Department of Rehabilitation and Correction ("ODRC") in the Ohio Court of Claims. In that case, Dailey alleged, as in this case, that he was confined unlawfully because his maximum aggregate sentence expired in 2014. The Tenth District affirmed summary judgment in ODRC's favor, holding that the mandatory consecutive-sentencing provisions in R.C. 2921.331(D) applied to Dailey's 2000 and 2007 convictions. *Dailey v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 18AP-21, 2018-Ohio-3500, ¶ 19-21, *appeal not accepted*, 154 Ohio St.3d 1482, 2019-Ohio-173, 114 N.E.3d 1208. Thus, the court concluded that Dailey's sentence does not expire until June 8, 2023. *Id.* at ¶ 19.

{¶ 8} Wainwright also argued that Dailey's petition is barred by res judicata because it is a successive habeas petition. Relying on the affidavit Dailey had filed with this habeas petition, Wainwright noted that Dailey had previously filed multiple habeas petitions, including his most recent petition in 2018. And because Dailey raised the same arguments in those prior petitions, Wainwright argued, res judicata bars this petition.

{¶ 9} The Third District granted Wainwright's motion and dismissed the action. The Third District found that habeas corpus does not lie, because Dailey's maximum aggregate sentence will not expire until June 2023. The Third District further found Dailey's petition barred by res judicata as a successive habeas petition.

{¶ 10} Dailey has timely appealed to this court as of right.

## Legal Analysis

{¶ 11} The Third District did not state whether it was granting Wainwright's motion to dismiss under Civ.R. 12(B)(6) or his alternative summary-judgment motion under Civ.R. 56(C). We presume, however, that the Third District granted summary judgment because Wainwright's motion relied on evidence outside the pleadings and the Third District considered that evidence. We review de novo a decision to grant summary judgment. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390, 738 N.E.2d 1243 (2000).

{¶ 12} The Third District properly granted summary judgment on res judicata grounds. Under the doctrine of res judicata, "a final judgment or decree rendered on the merits by a court of competent jurisdiction is a complete bar to any subsequent action on the same claim between the same parties or those in privity with them." *Brooks v. Kelly*, 144 Ohio St.3d 322, 2015-Ohio-2805, 43 N.E.3d 385, ¶ 7. Res judicata bars a successive habeas corpus petition when the petitioner either raised the same issues or could have raised them in the previous habeas action. *Id.*

at ¶ 8; *Bevins v. Richard*, 144 Ohio St.3d 54, 2015-Ohio-2832, 40 N.E.3d 1108, ¶ 4.

{¶ 13} Noting that Dailey had identified in his R.C. 2969.25 affidavit multiple habeas actions he had previously filed, the Third District found that Dailey's habeas petition is a successive petition barred by res judicata. In 2014, Dailey unsuccessfully sought a writ of habeas corpus on the basis that his maximum aggregate sentence had expired—the same argument he raises in this action. The court dismissed Dailey's petition on the merits. Dailey then filed a successive habeas petition in 2015, raising the same arguments. The court also dismissed that petition on the merits. Thus, Dailey has lost on the merits in at least two previous habeas proceedings in which he raised the same arguments he asserts in this action. The Third District was therefore correct to dismiss Dailey's petition as a successive habeas petition barred by res judicata.

{¶ 14} Because Dailey's habeas corpus petition is barred by res judicata, we need not address the Third District's other reasons for granting summary judgment. For the foregoing reasons, we affirm the Third District's judgment.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

James Dailey, pro se.

Dave Yost, Attorney General, and Maura O'Neill Jaite, Assistant Attorney General, for appellee.

_____