[Cite as *State ex rel. Dailey v. Ohio Dept. of Rehab. & Corr.*, 2021-Ohio-1079.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. James Dailey, | : | |
| Relator, | : | |
| v. | : | No. 20AP-410 |
| Ohio Department of Rehabilitation and Correction, Bureau of Sentence Computation Director, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on March 31, 2021

**On brief:** *James Dailey,* pro se.

**On brief:** *Dave Yost*, Attorney General, and *George Horvath*, for respondent.

IN MANDAMUS/PROCEDENDO
ON MOTIONS

DORRIAN, P.J.

{¶ 1} In this original action, relator, James Dailey, is requesting a writ of mandamus or procedendo ordering respondent, the Bureau of Sentence Computation ("BSC") for the Ohio Department of Rehabilitation and Correction to correct its interpretation and calculation of the various sentences under which relator is imprisoned. Respondent filed a motion to dismiss or in the alternative for summary judgment. Relator also filed a motion for summary judgment.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommended this court

grant respondent's motion for summary judgment, deny relator's motion for summary judgment, deny respondent's motion to dismiss, and deny the request for a writ of mandamus or procedendo.

{¶ 3} Relator has filed objections to the magistrate's decision contending the magistrate failed to consider S.B. No. 2 in his decision and the doctrine of res judicata works an injustice in this case. Relator contends that BSC incorrectly applied his 2000 and 2007 sentences as consecutive, rather than concurrent, to prior unexpired terms.

{¶ 4} Respondent contends that relator's filing should be recast as a petition for a writ of habeas corpus because relator essentially seeks relief from unlawful confinement and, therefore, this action should be dismissed for failure to comply with R.C. 2725.04(D), failure to name the proper party, and failure to complete his maximum aggregate sentence. Further, respondent argues relator's claim is barred under res judicata and lacks substantive merit because he was properly sentenced.

{¶ 5} The magistrate examined the materials relator submitted, as well as took judicial notice of proceedings in related cases and determined that relator's claims are barred by res judicata.

{¶ 6} We first note that the magistrate's decision was filed November 30, 2020, and relator's objections to the magistrate's decision were filed December 31, 2020. Civ.R. 53(D)(3)(b)(i) requires that objections to a magistrate's decision be made within 14 days of the filing of the decision. Civ.R. 53(D)(5) does permit this court to extend the time for a party to file objections to a magistrate's decision for good cause shown, but relator neither sought an extension nor presented any argument for good cause. Therefore, relator's objections were untimely. This court need not address untimely objections to a magistrate's decision. *State ex rel. Keith v. Adult Parole Auth. Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-663, 2011-Ohio-1195, ¶ 3.

{¶ 7} Rather than addressing relator's untimely objections, we need only determine if "there is an error of law or other defect evident on the face of" that decision. *See* Civ.R. 53(D)(4)(c). We conclude the magistrate correctly determined that relator's claims are barred by res judicata. "Under the doctrine of res judicata, 'a final judgment or decree rendered on the merits by a court of competent jurisdiction is a complete bar to any subsequent action on the same claim between the same parties or those in privity with

them.' * * * Res judicata bars a successive habeas corpus petition when the petitioner either raised the same issues or could have raised them in the previous habeas action." *Dailey v. Wainwright*, 161 Ohio St.3d 233, 2020-Ohio-4519, ¶ 12, quoting *Brooks v. Kelly*, 144 Ohio St.3d 322, 2015-Ohio-2805, ¶ 7-8.

{¶ 8} Thus, the magistrate here properly determined that relator's claims are barred by res judicata. Upon review of the magistrate's decision and an independent review of the record, we decline to address relator's untimely objections and find the magistrate has properly determined the pertinent facts and applied the appropriate law. We therefore decline to address the objections, as untimely, and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. Accordingly, we grant respondent's motion for summary judgment, deny respondent's motion to dismiss, deny relator's motion for summary judgment, and relator's request for a writ of mandamus or procedendo is hereby denied.

*Respondent's motion for summary judgment granted;*
*respondent's motion to dismiss denied;*
*relator's motion for summary judgment denied;*
*writ of mandamus or procedendo denied.*

SADLER and BEATTY BLUNT, JJ., concur.

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. James Dailey, | : | |
| Relator, | : | |
| v. | : | No. 20AP-410 |
| Ohio Department of Rehabilitation and Correction, Bureau of Sentence Computation Director, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on November 30, 2020

*James Dailey,* pro se.

*Dave Yost,* Attorney General, *George Horvath,* for respondent.

IN MANDAMUS OR PROCEDENDO
ON MOTIONS

{¶ 9} Relator, James Dailey, brings this original action seeking a writ of mandamus or procedendo ordering respondent, the Bureau of Sentence Computation for the Ohio Department of Rehabilitation and Correction ("ODRC" or "BSC" as appropriate), to correct its interpretation and calculation of the various sentences under which relator is imprisoned. Respondent has moved to dismiss the complaint for failure to state a claim or in the alternative for summary judgment. Relator has also moved for summary judgment.

Findings of Fact:

{¶ 10}  1. Relator is an inmate in the custody of ODRC. At the time of filing, he was held at ODRC's Marion Correctional Institution.

{¶ 11}  2. Relator received his first felony convictions in 1984 in the Cuyahoga County Court of Common Pleas, which would also be the sentencing court for his subsequent offenses.

{¶ 12}  3. The court in 1984 sentenced relator to an indefinite prison term of 4 to 15 years with a one-year specification which was to be served consecutively to the indefinite term. Relator was released on parole in 1990.

{¶ 13}  4. Relator was convicted of new felony offenses in 1990 and sentenced to an aggregate prison term of two to ten years. Pursuant to former R.C. 2929.41, which required consecutive sentences for certain offenses committed while on parole, relator was to serve his prison term for the 1990 convictions consecutively to the 1984 indefinite sentence from which he had been paroled. BSC calculated a new sentence expiration date of June 6, 2009. Relator was released on parole in 1993.

{¶ 14}  5. In 1994, relator was convicted and sentenced on another felony for which he received an indefinite prison sentence of two to five years. Again, pursuant to former R.C. 2929.41, relator was to serve this latest prison term consecutively to the prior indefinite terms. Following his 1994 convictions, BSC calculated a sentence expiration date in 2014. Relator was released on parole in 1999.

{¶ 15}  6. In 2000, relator was convicted of multiple felonies in three separate cases. The sentencing court imposed an aggregate prison term of five years for the convictions. Two of the convictions were for violations of R.C. 2921.331, "[f]ailure to comply with order or signal of police officer," a felony of the third degree. The sentencing court ordered relator to serve the prison terms for the felony failure-to-comply convictions, one year and four years respectively, concurrently with the other convictions and concurrent with one another. The sentencing entry was silent as to whether relator was to serve the prison terms for the failure-to-comply convictions concurrently or consecutively to the unexpired sentences for which relator was on parole. ODRC, applying former R.C. 2921.331(D), calculated relator's sentence expiration date based on the statutory mandate that the offender serve prison terms imposed for felony failure to comply convictions "consecutively

to any other prison term or mandatory prison term imposed upon the offender." Former R.C. 2921.331(D). As a result, ODRC calculated relator's new release date as June 20, 2019. Relator was released on parole in 2005.

{¶ 16} 7. In 2007, relator was convicted and sentenced in three separate cases to an aggregate prison term of five years. In one of these, relator was convicted of felony failure to comply for which the court imposed a prison term of four years to run consecutively to a one-year prison term for receiving stolen property but concurrently with the sentences imposed in the other two contemporaneous cases. The sentencing entry was again silent as to whether the prison term for the conviction of felony failure to comply was to run concurrently with or consecutively to the unexpired sentences for which relator was paroled. ODRC, applying former R.C. 2921.331(D), ran relator's sentence for the felony failure-to-comply conviction consecutively to the unexpired prison terms for which relator had been paroled and calculated a sentence expiration date of June 8, 2023.

{¶ 17} 8. In 2016, relator filed a complaint in the Court of Claims of Ohio alleging that his sentence expired in 2014 and ODRC has continued to confine him beyond his lawful prison term. Relator asserted that the trial court having made no declaration as to whether his 2000 and 2007 sentences would be consecutive to or concurrent with his previous sentences, the presumption should be that they were concurrent. The Court of Claims granted summary judgment in favor of ODRC and this court affirmed. *Dailey v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 18AP-21, 2018-Ohio-3500 ("*Dailey I*"), *appeal not accepted*, 154 Ohio St.3d 1482, 2019-Ohio-173 (table).

{¶ 18} 9. In 2018, relator filed a petition in the Ohio Third District Court of Appeals seeking a writ of mandamus, again on the basis that BSC incorrectly applied his 2000 and 2007 sentences as consecutive to prior unexpired prison terms. The Third District dismissed his petition for failure to include all pertinent commitment papers as required by R.C. 2725.04(D). *Dailey v. Wainwright*, 3d Dist. No. 9-18-0027 (Nov. 26, 2018 Jgmt. Entry), *aff'd*, 156 Ohio St.3d 510, 2019-Ohio-2064.

{¶ 19} 10. In 2019, relator commenced a new habeas action in the Third District. The court held that the claim was barred by res judicata and dismissed his petition. *Dailey v. Wainwright*, 3d Dist. No. 9-19-72 (Dec. 30, 2019 Jgmt. Entry). The Third District relied on this court's extensive discussion of relator's sentencing history in *Dailey I*, as well

as the fact that relator had already filed several unsuccessful habeas actions. On appeal, the Supreme Court affirmed but specified that it considered only *Dailey I* for res judicata purposes. *Dailey v. Wainwright*, __ Ohio St.3d __, 2020-Ohio-4519 (Slip Opinion).

Discussion and Conclusions of Law:

{¶ 20} The magistrate considers the matter on the parties' cross-motions for summary judgment, which under Civ.R. 56(C) may be granted only when there remains no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion. *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 629 (1992), citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64 (1978). To the extent that the parties have not submitted copies of pertinent court records, the magistrate takes judicial notice of proceedings in related cases. *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8; *State ex rel. Harsh v. Mohr*, 10th Dist. No. 13AP-403, 2013-Ohio-4218.

{¶ 21} Respondent begins by arguing that the court should recast relator's complaint as a petition for a writ of habeas corpus, pointing out that relator essentially seeks relief from unlawful confinement. Once so defined, respondent urges, the action must be dismissed for failure to comply with R.C. 2725.04(D), relator having failed to submit all pertinent commitment papers as required. The magistrate declines to redefine relator's claims and addresses them as the facially stated claims for writs of mandamus or procedendo.

{¶ 22} Respondent is nonetheless entitled to summary judgment in this case because it is apparent from the materials submitted with relator's complaint and the materials of which the magistrate may take judicial notice that relator's claims are barred by res judicata. This court thoroughly examined in *Dailey I* relator's identical arguments regarding the alleged errors in his aggregate sentence computed by BSC and found those claims unwarranted. Although *Dailey I* was not an original action for a writ but an appeal from a wrongful imprisonment action in the Court of Claims, the differing theories of recovery or relief do not preclude application of res judicata to bar re-litigation of the issues.

{¶ 23} In Ohio, application of the doctrine of *res judicata* is not limited to "subsequent actions involving the same legal theory of recovery as a previous action."

*Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995), citing *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62 (1990). " 'That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims. This remains true although the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief.' " *Id.* at 382-83, quoting 1 Restatement of the Law 2d, Judgments, Section 24, Comment c (1982).

{¶ 24} In sum, relator's claims for writs to correct his sentence as computed by BSC are barred by res judicata because the factual and legal bases for those claims were unsuccessfully litigated before a court of competent jurisdiction whose judgment was upheld on appeal. Respondent's motion for summary judgment is granted and relator's motion for summary judgment is denied, as is respondent's motion to dismiss. It is the magistrate's decision and recommendation that the court deny the requested writs.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).