[Cite as *State ex rel. Miller v. May, Warden*, 2019-Ohio-4065.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE ex rel. JERRY MILLER | JUDGES: |
| | Hon. John W. Wise, P. J. |
| Petitioner | Hon. Patricia A. Delaney, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 19 CA 56 |
| HAROLD MAY, WARDEN | |
| Respondent | O P I N I O N |


CHARACTER OF PROCEEDING:     Writ of Habeas Corpus


JUDGMENT:                              Dismissed


DATE OF JUDGMENT ENTRY:       October 2, 2019


APPEARANCES:

For Petitioner                              For Respondent

JERRY MILLER, PRO SE              DAVE YOST
Inmate #487-391                         ATTORNEY GENERAL
RICHLAND CORR. INSTITUTION    JERRI L. FOSNAUGHT
P. O. Box 8107                           ASSISTANT ATTORNEY GENERAL
Mansfield, Ohio  44901               150 East Gay Street, 16th Floor
                                               Columbus, Ohio  43215

*Wise, P. J.*

{¶1} On June 19, 2019, Jerry Miller filed a petition for writ of habeas corpus on the basis that his prison sentence expired and he is being held by the state of Ohio without legal authority to do so. The Ohio Attorney General, on behalf of Respondent, Harold May, moves to dismiss Mr. Miller's petition under Civ.R. 12(B)(6) or, in the alternative, moves for summary judgment under Civ.R. 56. The Court grants the attorney general's motion to dismiss.

{¶2} The purpose of a Civ.R. 12(B)(6) motion is to test the sufficiency of the complaint. *State ex rel. Boggs v. Springfield Loc. School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 95, 647 N.E.2d 788 (1995). In order for a case to be dismissed for failure to state a claim, it must appear beyond doubt that, even assuming all factual allegations in the complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested. *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶10. If a petition does not satisfy the requirements for a properly filed petition for writ of habeas corpus or does not present a facially viable claim, it may be dismissed on motion by the respondent or sua sponte by the Court. *Flora v. State*, 7th Dist. Belmont No. 04 BE 51, 2005-Ohio-2383, ¶5.

{¶3} Here, Mr. Miller's petition does not meet the statutory filing requirements of R.C. 2725.04(D), which require a petitioner to file all pertinent commitment papers relating to the petition. In *Bloss v. Rogers*, 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992), the Ohio Supreme Court explained:

> These commitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective.

When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application.

**{¶4}** (Citation omitted.)

**{¶5}** Thus, to "state a claim for habeas corpus relief and satisfy the Revised Code filing requirements, [the petitioner] need[s] to submit complete records of his incarceration and releases." *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶10. Failure to attach the relevant commitment papers is fatally defective to a petition for writ of habeas corpus. *Bloss* at 146.

**{¶6}** In the present matter, Mr. Miller attached sentencing judgment entries for Case Nos. 26257, B-850189, and 84-CR-1853. Although Mr. Miller references a federal sentence in his petition and the Termination Entry dated July 17, 1986 also references a sentence imposed by a federal court, Mr. Miller did not attach any documentation regarding his federal sentence. Further, it appears Mr. Miller had parole revocations; however, he failed to attach any of his parole-revocation records. Therefore, because Mr. Miller did not satisfy the statutory requirements of R.C. 2725.04(D), it is impossible to determine how much time was left on his sentence. Failure to attach all the pertinent commitment papers, including those concerning parole-revocation proceedings, results in dismissal. *See State ex rel. Crigger v. Ohio Adult Parole Auth.*, 82 Ohio St.3d 270, 272, 695 N.E.2d 254 (1998).

**{¶7}** For the reasons set forth above, we grant the attorney general's Motion to Dismiss under Civ.R. 12(B)(6). Mr. Miller's petition for writ of habeas corpus is dismissed.

{¶8}    The clerk of courts is hereby directed to serve upon all parties not in default

notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).


By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.


JWW/d  0924