[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Miller v. May*, Slip Opinion No. 2020-Ohio-3248.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-3248

THE STATE EX REL. MILLER, APPELLANT, *v*. MAY, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Miller v. May*, Slip Opinion No. 2020-Ohio-3248.]

*Habeas corpus—Inmate failed to attach to petition all relevant commitment papers as required by R.C. 2725.04(D)—Court of appeals' dismissal of petition affirmed.*

(No. 2019-1546—Submitted April 7, 2020—Decided June 10, 2020.)

APPEAL from the Court of Appeals for Richland County, No. 19 CA 56, 2019-Ohio-4065.

_____

**Per Curiam.**

{¶ 1} Appellant, Jerry Miller, appeals from the Fifth District Court of Appeals' judgment dismissing his habeas corpus petition against appellee, Harold May, warden of the Richland Correctional Institution. The Fifth District dismissed Miller's petition for failure to attach all the relevant commitment papers, as required by R.C. 2725.04(D). We affirm.

## Background

{¶ 2} Miller is an inmate at the Richland Correctional Institution. On June 19, 2019, he filed a petition for a writ of habeas corpus in the Fifth District, alleging that the prison sentences he was serving had expired and that he was therefore entitled to immediate release. Miller contends that he should have been released from prison no later than July 17, 2011.

{¶ 3} Miller attached copies of three sentencing documents to his petition. The first document is a judgment entry dated October 20, 1966, from the Montgomery County Court of Common Pleas, sentencing Miller to consecutive prison terms of 10 to 25 years for armed robbery and 1 to 20 years for shooting to kill. The second document is an entry dated April 10, 1986, from the Hamilton County Court of Common Pleas, sentencing Miller to 10 to 25 years of imprisonment for aggravated robbery and three years for a firearm specification. The entry also states that the sentence would, except for the three-year firearm specification, run concurrently with any sentence imposed by a federal court and any future sentence imposed by the Montgomery County Court of Common Pleas.

{¶ 4} Finally, the petition attached a judgment entry dated July 17, 1986, from the Montgomery County Court of Common Pleas. In this entry, the court sentenced Miller to 15 to 25 years of imprisonment for aggravated robbery, 12 to 15 years for felonious assault, and three years for each of two firearm specifications. The aggravated-robbery and felonious-assault sentences were to be served concurrently with each other but consecutively to the sentences for the firearm specifications. The entry also states that "all sentences above are to be served CONSECUTIVE with sentences imposed by the United States Federal Court." (Capitalization sic.)

{¶ 5} Miller acknowledged in his petition that he was sentenced in federal court in 1977 and 1985, but he alleged that the federal convictions were "not relevant" to his habeas claim. Miller did not attach to his petition a copy of any

judgment entry relating to a federal sentence imposed on him. Nor did he attach documentation of his release from prison (by parole or otherwise) in connection with the 1966 sentences imposed by the Montgomery County Court of Common Pleas.

{¶ 6} May filed a motion to dismiss Miller's petition under Civ.R. 12(B)(6) or, alternatively, for summary judgment under Civ.R. 56. May asserted various grounds for dismissal or summary judgment, but he did not raise the sufficiency of the commitment papers attached to the petition under R.C. 2725.04(D). Even though May did not raise the issue, the Fifth District dismissed Miller's petition under Civ.R. 12(B)(6), on the basis that he had failed to comply with R.C. 2725.04(D). Specifically, the court noted that Miller had failed to attach documents related to any parole-revocation proceedings or to the federal sentence that is mentioned in both Miller's petition and in one of the sentencing entries attached to the petition. 2019-Ohio-4065, ¶ 6.

{¶ 7} Miller appealed to this court as of right.

**Analysis**

{¶ 8} We review de novo the Fifth District's dismissal of Miller's petition under Civ.R. 12(B)(6). *State ex rel. Norris v. Wainwright*, 158 Ohio St.3d 20, 2019-Ohio-4138, 139 N.E.3d 867, ¶ 5. When filing a petition for a writ of habeas corpus, "[a] copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy." R.C. 2725.04(D). Thus, in order to state a claim in habeas corpus, the petitioner "need[s] to submit complete records of his incarcerations and releases." *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10.

{¶ 9} Failure to attach the relevant commitment papers is fatally defective to a petition for a writ of habeas corpus. *Dailey v. Wainwright*, 156 Ohio St.3d 510, 2019-Ohio-2064, 129 N.E.3d 444, ¶ 5. Absent a petition that complies with R.C. 2725.04(D), "there is no showing of how the commitment was procured and there

is nothing before the court on which to make a determined judgment except, of course, the bare allegations of [the] petitioner's application." *Bloss v. Rogers*, 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992).

{¶ 10} In this appeal, Miller does not assert any error relating to the Fifth District's raising R.C. 2725.04(D) sua sponte. Rather, Miller contends that the state-court sentencing entries attached to his petition are the only ones relevant to his claim that he is imprisoned unlawfully. Therefore, Miller contends that his petition complies with R.C. 2725.04(D). Miller is incorrect.

{¶ 11} As the Fifth District noted, Miller did not attach any documentation regarding his federal sentence or any parole-revocation records. Without this documentation, it is impossible to determine how much prison time Miller has served. Though Miller contends that the federal-court sentence is not relevant to his habeas corpus claim, the records he did attach to his petition demonstrate the opposite. Both sentencing entries for Miller's 1986 convictions refer specifically to federal sentences. In particular, the 1986 sentencing entry in the Montgomery County case expressly states that Miller was to serve his sentence for those offenses *consecutively* with any federal sentence imposed on him. Thus, at a minimum, Miller had to provide records regarding any sentences imposed by the federal court.

{¶ 12} Without having all relevant records of Miller's incarcerations and releases, it is impossible to conclude that he has completed his sentences. *See Cannon*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, at ¶ 10. Because Miller failed to attach all the relevant commitment papers to his petition as required by R.C. 2725.04(D), we affirm the Fifth District's judgment.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

————————

Jerry Miller, pro se.

Dave Yost, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

_____