[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Jackson v. Watson*, Slip Opinion No. 2023-Ohio-xxxx.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-401

THE STATE EX REL. JACKSON, APPELLANT, *v*. WATSON, SUPERINTENDENT, ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Jackson v. Watson*, Slip Opinion No. 2023-Ohio-401.]

*Habeas corpus—Inmate failed to comply with R.C. 2725.04(D), and he has not served his maximum prison sentence—Court of appeals' judgment dismissing petition affirmed.*

(No. 2022-0416—Submitted January 10, 2023—Decided February 14, 2023.)

APPEAL from the Court of Appeals for Marion County, No. 9-22-01.

_____

**Per Curiam.**

{¶ 1} While incarcerated at North Central Correctional Complex, appellant, Gregory L. Jackson, filed a petition for a writ of habeas corpus against Warden

Tom Watson. Jackson appeals the court of appeals' dismissal of his petition. We affirm.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Jackson pleaded guilty to murder in the Allen County Court of Common Pleas in October 1990 and was sentenced to 15 years to life in prison. Jackson was released on parole in August 2010.

{¶ 3} Jackson reoffended after his release. In March 2012, Jackson was convicted in the Richland County Court of Common Pleas of drug possession and having weapons while under a disability. The trial court sentenced Jackson to an aggregate term of eight years in prison. Jackson alleges that by operation of law, his eight-year sentence ran concurrently with the sentence he resumed serving for his 1990 murder conviction.

{¶ 4} Before his eight-year sentence expired, Jackson filed a motion for jail-time credit in the Richland County trial court. Jackson asked that the period from August 17, 2011, to his sentencing date of March 7, 2012, be credited as time served on his sentence. The trial court denied Jackson credit for the requested period, finding that he was entitled to only three days of jail-time credit, for August 17 through August 19, 2011. The court reasoned that from August 19, 2011, to March 7, 2012, Jackson was serving time solely on his sentence for murder, following the revocation of his parole, and therefore that time could not be credited toward his later sentence.

{¶ 5} Jackson's eight-year sentence for the Richland County convictions expired in March 2020. As to the sentence for his murder conviction, the parole board denied Jackson release from prison.

---

1. During the pendency of this appeal, Jackson was transferred to the Belmont Correctional Institution, at which David Gray is the warden. We sua sponte join Gray as an appellee in this case. *See Humphrey v. Bracy*, 166 Ohio St.3d 334, 2021-Ohio-3836, 185 N.E.3d 1045, ¶ 1.

**{¶ 6}** Jackson filed a petition for a writ of habeas corpus in the Third District Court of Appeals in January 2022. He sought immediate release from prison, arguing that his sentences have expired. Watson filed a motion for summary judgment in the court of appeals, which Jackson opposed. The court of appeals granted Watson's motion and denied the writ. Jackson appealed to this court as of right.

## ANALYSIS

**{¶ 7}** Generally, a writ of habeas corpus is available only when the petitioner's maximum sentence has expired and he is being held unlawfully, *Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, 59 N.E.3d 1236, ¶ 8, or when the sentencing court patently and unambiguously lacked subject-matter jurisdiction, *Stever v. Wainwright*, 160 Ohio St.3d 139, 2020-Ohio-1452, 154 N.E.3d 55, ¶ 8. Habeas corpus is not available when the petitioner has an adequate remedy in the ordinary course of law, unless the trial court's judgment is void for lack of jurisdiction. *State ex rel. Davis v. Turner*, 164 Ohio St.3d 395, 2021-Ohio-1771, 172 N.E.3d 1026, ¶ 8. This court reviews de novo a court of appeals' decision granting summary judgment in a habeas corpus action. *State ex rel. Shafer v. Wainwright*, 156 Ohio St.3d 559, 2019-Ohio-1828, 130 N.E.3d 268, ¶ 7.

**{¶ 8}** The court of appeals properly granted summary judgment. First, Jackson did not comply with R.C. 2725.04(D), which requires a habeas petitioner to attach "[a] copy of the commitment or cause of detention of such person * * * if it can be procured without impairing the efficiency of the remedy." A petitioner's failure to include complete records of his incarcerations and releases is fatal to his habeas petition. *State ex rel. Miller v. May*, 161 Ohio St.3d 8, 2020-Ohio-3248, 160 N.E.3d 707, ¶ 8-9. As the court of appeals correctly noted in this case, Jackson failed to include any document related to the revocation of his parole in connection with the Allen County conviction. This defect alone was a valid basis to dismiss Jackson's petition.

**{¶ 9}** Even if Jackson had complied with R.C. 2725.04(D), he would not be entitled to release. Jackson contends that he is unlawfully detained because he has fully served his sentences for both the Allen County and Richland County convictions. Even though the Allen County sentence has a maximum term of life in prison, Jackson argues that the Richland County court declared that sentence to have "expired" as of March 7, 2012, in its entry deciding Jackson's motion for jail-time credit. Specifically, Jackson points to this passage of the trial court's entry:

> The defendant was sentenced in this case on March 7, 2012, which is the same date the Allen County time expired as he would have received credit on his Allen County conviction for the period of time from August 19, 2011, through March 7, 2012. Therefore, this case could not have run concurrent to his Allen County case *as that sentence expired on March 7, 2012*, and defendant is not entitled to jail time credit on this case for those days as he received credit for them on his Allen County case.

(Emphasis added.)

**{¶ 10}** Seizing on the court's statement that his Allen County sentence "expired on March 7, 2012," Jackson argues that he has fully served his sentence. And to the extent that the Richland County court erred in declaring that the Allen County sentence had "expired," Jackson argues, the state waived the error by not appealing the entry.

**{¶ 11}** But Jackson is wrong about what the Richland County trial court decided. The court did not declare that the Allen County *sentence* had "expired"; rather, the court clarified which periods *of jail-time credit* had expired when discussing which sentence Jackson's confinement between August 19, 2011, and

4

March 7, 2012, was properly credited to. The court stated that on March 7, 2012, the period credited to the Allen County sentence expired, at which time Jackson began serving time credited to the Richland County sentence. In full context, the trial court was explaining why the time from August 19, 2011, through March 7, 2012, was credited to the Allen County sentence and not to the Richland County sentence. Accordingly, the court of appeals correctly found that Jackson's maximum sentence has not expired.

{¶ 12} For the foregoing reasons, Jackson is not entitled to release. The court of appeals properly denied him relief in habeas corpus.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

Gregory L. Jackson, pro se.

Dave Yost, Attorney General, and Stephanie Watson, Assistant Attorney General, for appellees.

_____