[Cite as *Tayse v. Erdos*, 2023-Ohio-1542.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

JIMMY LEE TAYSE,                        :
                                        :
    Plaintiff-Appellant,                :       Case No. 22CA3993
                                        :
v.                                      :
                                        :       DECISION AND
RONALD ERDOS, WARDEN,                   :       JUDGMENT ENTRY
                                        :
    Defendant-Appellee.                 :
_____

APPEARANCES:

Jimmy Lee Tayse, Lucasville, Ohio, Appellant, pro se.

Dave Yost, Attorney General of Ohio, and Stephanie Watson, Principal Assistant
Attorney General, Columbus, Ohio, for Appellee.
_____

Smith, P.J.

{¶1} This is an appeal from a Scioto County Common Pleas Court judgment denying Jimmy Tayse's petition for a writ of habeas corpus as being both procedurally deficient and barred by res judicata. On appeal, Tayse raises four assignments of error contending 1) that the trial court erred and abused its discretion in granting the respondent's motion to dismiss under Civ.R. 12(B); 2) that his case number CR-2007-04-1285 is void as the Summit County Court of Common Pleas jurisdiction was not invoked on or before April 27, 2007, when the case was commenced; 3) that a void judgment may be challenged at any time; and

4) that Chapter 2725 of the Ohio Revised Code prescribes a basic summary procedure for bringing a habeas corpus action. However, because we conclude the trial court properly dismissed Tayse's habeas petition on procedural grounds and because Tayse's current appeal is also procedurally deficient, we must dismiss the current appeal for lack of jurisdiction. Moreover, as determined by the trial court and as further discussed below, Tayse's petition is barred by res judicata in light of the fact that it's a successive petition. Accordingly, we do not reach the merits of Tayse's arguments and the appeal is dismissed.

FACTS AND PROCEDURAL HISTORY

{¶2} Because Tayse has not provided this Court with the entire criminal record of this case, including the underlying criminal record from his convictions in the Summit County Court of Common Pleas, we take judicial notice of the facts of this matter as set forth in his first, direct appeal, as follows:

> A.C. went grocery shopping with her sixteen-month-old daughter, S.C., the day before Easter 2007 at a Giant Eagle store near her home in a suburb of Pittsburgh, Pennsylvania. At close to 10:30 a.m., after she loaded her baby and her groceries into her Jeep Grand Cherokee, A.C. locked the doors and walked to the nearby cart-return. As she headed back to her Jeep, she noticed a man approaching, but assumed he was intending to enter a neighboring car. Just as A.C. unlocked the doors and sat down in the driver's seat, James Tayse slipped into the seat directly behind her. He leaned over and put a small kitchen knife up to the side of S.C.'s neck and ordered her mother to "[d]rive, or I'll cut her." He told A.C. that he needed to get out of town because he was going away for life. Mr. Tayse kept the knife to

S.C.'s neck until the Jeep reached the main road, then he crawled up into the front passenger's seat and held the knife on his lap.

A.C. told Mr. Tayse that she did not have cash for the toll road, and he told her to stop at an ATM. A.C. withdrew $200 from her bank account using a drive-up ATM at a bank in Harmarville, Pennsylvania. She handed the money directly to Mr. Tayse. They got on the Pennsylvania Turnpike, and Mr. Tayse warned her "not to speed and not to do anything stupid to get [them] caught." A.C. testified that, when she was approaching the toll booth operator at the end of the Pennsylvania Turnpike, Mr. Tayse again warned her not to do anything stupid. At that time, she glanced over at Mr. Tayse and found that, for the first time, the knife was not visible.

They followed Interstate 76 until Mr. Tayse told her to take an exit. He told her that she was to pay for a room at the America's Best Value Inn at Route 43 in Brimfield Township, Ohio. Mr. Tayse insisted on carrying the baby into the motel lobby. According to A.C., Mr. Tayse "said he did have the knife under [the baby's] jacket and not to do anything stupid." A.C. testified that she complied and did not attempt to alert the sole worker at the desk because "[Mr. Tayse] had a knife to [her] child." Once inside the motel room, Mr. Tayse emptied his pockets, including the knife, onto the nightstand and lay down on the bed watching television while A.C. tried to get her daughter to drink some milk.

Soon Mr. Tayse approached A.C. and said, "[p]ut [S.C.] down and take off all your clothes." Although A.C. begged him not to make her, Mr. Tayse insisted that she perform oral sex on him. After that, he raped her vaginally. After ordering her to clean him up and take a shower, he demanded oral sex again.

After that, Mr. Tayse started going through A.C.'s purse looking for more money and credit cards. He ordered her to remove her jewelry, and he turned off her cellular telephone. They returned to the Jeep where Mr. Tayse again ordered her to drive. He told her to stop at a BP gas station on Grant Street in Akron. A.C. testified that Mr. Tayse carried her baby and stood behind her

while she used an ATM to withdraw money from her account. She was unable to withdraw more than $100 at that time. She gave the money to Mr. Tayse. When they returned to the Jeep, he told her they had to find a way to get more money. They stopped at a check cashing store in Cuyahoga Falls, but the teller refused to cash A.C.'s $1500 check. The woman suggested they try the bank inside the local Giant Eagle.

At Giant Eagle, Mr. Tayse again carried the baby into the store. They tried unsuccessfully to cash the check at the service desk and then at the bank counter. In an attempt to stall inside the store, A.C. claimed she needed diapers. While they were waiting in line, Mr. Tayse told her to buy five $100 American Express gift cards. She gave the cards to him. They returned to the Jeep, and A.C. drove toward Cleveland until Mr. Tayse told her to take an exit. They drove deep into a residential neighborhood before Mr. Tayse ordered her to stop the car and get out. He allowed her to get her child from the backseat before he drove the Jeep out of sight.

The next day, while driving in Cleveland, a woman who had heard about the incident on television spotted A.C.'s Jeep Grand Cherokee and called the police. Cleveland police officers in two separate vehicles pursued the Jeep, using lights and sirens, through deep snow on icy roads. The two police cars attempted at one point to trap the Jeep, but Mr. Tayse accelerated and turned a corner. The police officers and witnesses testified that the Jeep fishtailed around a corner onto a residential street, bouncing off the curbs on either side, before slamming into a parked car and rebounding to strike another car parked on the opposite side of the street. Both of the parked cars were heavily damaged, and an occupant of one of them was injured. Mr. Tayse jumped from the Jeep and tried to flee on foot, but was quickly caught by the officers.

*State v. Tayse*, 9th Dist. Summit No. 23978, 2009-Ohio-1209, ¶ 4-10, appeal not

accepted, 129 Ohio St.3d 1453, 2011-Ohio-4217, 951 N.E.2d 1049, motion for

reconsideration denied, 129 Ohio St.3d 1508, 2011-Ohio-5358, 955 N.E.2d 389.

{¶3} As further set forth by the Ninth District Court of Appeals, Tayse "was convicted of committing 14 crimes along the way, including felonious assault and multiple counts of kidnapping, rape, and aggravated robbery with sexually violent predator and repeat violent offender specifications." *Tayse* at ¶ 1. "He was also convicted of grand theft, disrupting public services, and failure to comply with a signal or order of a police officer." *Id.* On direct appeal, Tayse challenged four of his five convictions for aggravated robbery, his convictions for the sexually violent predator specifications in each rape count, his convictions for felonious assault, disrupting public services, as well as his convictions on the repeat violent offender specifications. *Id.* at ¶ 2. He also argued the trial court erred in overruling his motion for acquittal on the charge of failure to comply with a signal or order of a police officer based upon his challenge to venue. *Id.* The Ninth District Court of Appeals affirmed Tayse's convictions for aggravated robbery, felonious assault, the sexually violent predator specifications, the repeat violent offender specifications, and the conviction for failure to comply with a signal or order of a police officer. *Id.* at ¶ 3. However, the court reversed Tayse's conviction for disrupting public services, finding that it was based upon insufficient evidence. *Id.* Because Tayse did not challenge the sentences imposed for his crimes, the appellate court did not reference or include the sentences in its decision.

{¶4} Tayse filed a petition for a writ of habeas corpus in the Scioto County Court of Common Pleas on March 18, 2022, claiming that he was being illegally detained and was entitled to immediate release. In response, the State filed a "motion to dismiss and/or motion for summary judgment." The motion argued that Tayse's substantive claims were not cognizable in habeas and that the petition was procedurally deficient on numerous grounds. More specifically, the State argued Tayse's petition failed to comply with the mandatory filing requirements set forth in both R.C. 2725.04(D) and R.C. 2969.25(A), and that Tayse was not entitled to immediate release because his maximum prison term had not expired. The State attached exhibits to its motion demonstrating that Tayse had filed two previous habeas petitions in other jurisdictions in Ohio, both of which unsuccessfully challenged his underlying indictment. Thus, the State argued that the current petition was barred by res judicata. The record indicates that the trial court granted the State's motion to dismiss, however, it based the dismissal on procedural grounds without reaching the merits of the petition. More specifically, the State dismissed Tayse's petition based upon the following grounds: 1) the failure to attach an affidavit of prior litigation as required by R.C. 2969.25(A); 2) the failure to attach commitment papers as required by R.C. 2725.04(D); and 3) the doctrine of res judicata, to the extent that the doctrine bars the filing of successive petitions for writs of habeas corpus.

{¶5} In attempting to delineate the factual and procedural history of this matter as part of our review on appeal, we must note that because Tayse failed to attach a copy of his commitment papers to his underlying petition for a writ of habeas corpus and has further failed to provide this Court with the record related to his underlying convictions, the nature and length of the prison terms imposed upon Tayse are unclear. However, we note that according to the Ohio Department of Rehabilitations and Corrections website, of which we are permitted to take judicial notice, Tayse is currently incarcerated and is serving a definite term of 52 years, an additional term of 9 years, a term of 30 years to life, and has an expected release date of April 11, 2080. *See Small v. Collins*, 4th Dist. Pickaway No. 20CA1, 2021-Ohio-301, ¶ 15, citing *Bradley v. Hooks*, 4th Dist. Ross No. 16CA3576, 2017-Ohio-4105, fn. 2 (noting that courts can take judicial notice of public records available on the internet).

{¶6} Not only did Tayse fail to attach a copy of his commitment papers to his petition for a writ of habeas corpus as required by R.C. 2725.04(D), he also failed to comply with the requirements of R.C. 2969.25(A)(1)-(4), which requires that an inmate who files a civil action or appeal against a government entity or employee must file an affidavit that contains a description of each civil action or appeal the inmate has filed in the previous five years. Thus, not only does this

Court lack a full understanding Tayse's current length and term of incarceration, it also lacks a complete understanding of the procedural history of this matter.

{¶7} In its consideration of Tayse's petition, the Scioto County Court of Common Pleas observed that although Tayse filed an affidavit as to his prior civil actions, he "failed to provide any of the information that is required by statute[]" in that he claimed "in his affidavit that he ha[d] filed zero prior civil actions, or appeals." The trial court then went on to take judicial notice of seven other prior civil actions that appear to have been filed by Tayse in the previous five years, two of which appear from the record to have been prior petitions for writs of habeas corpus, one of which was filed in Ross County and the other was filed in Warren County.

{¶8} Despite this Court's lack of a complete understanding of the history of the case presently before us due to the procedural deficiencies of the petition, the trial court's dismissal of Tayse's petition is now directly before us on appeal and Tayse has set forth four assignments of error for our review.

ASSIGNMENTS OF ERROR

I.   THE TRIAL COURT ERRED IN GRANTING THE RESPONDENT'S MOTION TO DISMISS UNDER CIV. RULE 12(B) WHICH IS AN ABUSE OF DISCRETION.

II.  CASE # CR-2007-04-1285 IS VOID AS THE SUMMIT COUNTY COURT OF COMMON PLEAS JURISDICTION WAS NOT INVOKED ON OR BEFORE 4-27-07 WHEN THE CASE WAS COMMENCED.

III. A VOID JUDGMENT MAY BE CHALLENGED AT ANY TIME.

IV. CHAPTER 2725 OF THE OHIO REVISED CODE PRESCRIBES A BASIC SUMMARY PROCEDURE FOR BRINGING A HABEAS CORPUS ACTION.

Standard of Review

{¶9} As set forth above, the State moved to dismiss Appellant's petition below for failure to state a claim and the trial court granted the State's motion and dismissed the petition. "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. In order for a court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought. *Ohio Bur. Of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12; *Rose v. Cochran*, 4th Dist. Ross No. 11CA3243, 2012-Ohio-1729, ¶ 10.

{¶10} When a trial court considers a Civ.R. 12(B)(6) motion to dismiss, it must review only the complaint, accepting all factual allegations contained in the complaint as true and making all reasonable inferences in favor of the nonmoving party. *State ex rel. Talwar v. State Med. Bd. of Ohio*, 104 Ohio St.3d 290, 2004-

Ohio-6410, 819 N.E.2d 654, ¶ 5; *Perez v. Cleveland*, 66 Ohio St.3d 397, 399, 613 N.E.2d 199 (1993); *Estate of Sherman v. Millhon*, 104 Ohio App.3d 614, 617, 662 N.E.2d 1098 (10th Dist.1995). Furthermore, the trial court "cannot rely on evidence or allegations outside the complaint to determine a Civ.R. 12(B)(6) motion." *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997). This same standard applies in cases involving claims for extraordinary relief, including habeas corpus. *Boles v. Knab*, 130 Ohio St.3d 339, 2011-Ohio-5049, 958 N.E.2d 554, ¶ 2 ("Dismissal under Civ.R. 12(B)(6) for failure to state a claim was warranted because after all factual allegations of Boles's petition were presumed to be true and all reasonable inferences therefrom were made in his favor, it appeared beyond doubt that he was not entitled to the requested extraordinary relief in habeas corpus").

{¶11} "Appellate courts review de novo a dismissal for the failure to state a claim." *Hammond v. Perry*, 4th Dist. Hocking No. 12CA27, 2013-Ohio-3683, ¶ 11, citing *Allen v. Bryan*, 4th Dist. Hocking No. 12CA15, 2013-Ohio-1917, ¶ 7; *Barley v. Hearth & Care of Greenfield, L.L.C.*, 4th Dist. Highland No. 12CA13, 2013-Ohio-279, ¶ 11. "In other words, an appellate court affords no deference to a trial court's decision and, instead, applies its own, independent review to determine if the Civ.R. 12(B)(6) requirements were satisfied." *Hammond* at ¶ 11, citing *McDill v. Sunbridge Care Ents., Inc.*, 4th Dist. Pickaway No. 12CA8, 2013-Ohio-

1618. ¶ 10; *Estep v. State*, 4th Dist. Ross No. 09CA3088, 2009-Ohio-4349, ¶ 5.

Appellate courts also review de novo a dismissal of a habeas corpus petition based

upon the failure to comply with the statutory filing requirements. *See Robinson v.*

*State*, 166 Ohio St.3d 476, 2012-Ohio-3865, 187 N.E.3d 508, ¶ 7.

Habeas Corpus

{¶12} Habeas corpus petitions are governed by R.C. 2725. They are

available to a person who is "unlawfully restrained of his liberty * * * to inquire

into the cause of such imprisonment, restraint, or deprivation." R.C. 2725.01. "An

individual may petition for a writ of habeas corpus if his maximum sentence has

expired and he is being held unlawfully." *Nedea v. Cook*, 4th Dist. Hocking No.

15CA12, 2015-Ohio-3668, ¶ 8, citing *State v. Wilburn*, 4th Dist. Lawrence No.

98CA47, 1999 WL 1281507 (Dec. 22, 1999) and *Frazier v. Strickrath*, 42 Ohio

App.3d 114, 115-116, 536 N.E.2d 1193 (4th Dist.1988); *see also Bradley v. Hooks*,

4th Dist. Ross No. 16CA3576, 2017-Ohio-4105, ¶ 10.

{¶13} A habeas corpus petition must conform to certain statutory

requirements. R.C. 2725.04 states that a petition must be signed and verified, and

it must specify: (A) that the petitioner is imprisoned or restrained of his liberty;

(B) the name of the person restraining the petitioner, if known; (C) the place the

petitioner is imprisoned or restrained, if known; and (D) it must include a copy of

the commitment papers, if the commitment papers can be obtained without

impairing the efficiency of the remedy. A petitioner's failure to attach all pertinent commitment papers renders the petition fatally defective. *State ex rel. Miller v. May*, 161 Ohio St.3d 8, 2020-Ohio-3248, 160 N.E.3d 707, ¶ 9. *See also Tucker v. McAninch*, 82 Ohio St.3d 423, 696 N.E.2d 595 (1998) (affirming this court's dismissal of a habeas corpus petition where petitioner did not attach all the relevant commitment papers); *Workman v. Shiplevy*, 80 Ohio St.3d 174, 685 N.E.2d 231 (1997).

{¶14} Additionally, R.C. 2969.25(A)(1)-(4) requires that an inmate who files a civil action *or appeal* against a government entity or employee must file an affidavit that contains a description of each civil action or appeal the inmate has filed in the previous five years. (Emphasis added). A failure to comply with the provisions of R.C. 2969.25 requires the dismissal of an action in habeas corpus. *See Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982.

Legal Analysis

{¶15} As set forth above, Tayse failed to attach a copy of his commitment papers to his petition as required by R.C. 2725.04(D). Tayse stated as follows in his underlying petition:

> Now the Petitioner has not and cannot produce a copy of the commitment or cause of detition [sic] as none exist. There is not even a warrant to arrest on file in the State of Ohio there is absolutely no record of the Petitioner ever being accused, arrested or charged.

{¶16} The Supreme Court of Ohio recently explained the effect of a petitioner's failure to attach commitment papers in *State ex rel. Miller* as follows:

> Failure to attach the relevant commitment papers is fatally defective to a petition for a writ of habeas corpus. *Dailey v. Wainwright*, 156 Ohio St.3d 510, 2019-Ohio-2064, 129 N.E.3d 444, ¶ 5. Absent a petition that complies with R.C. 2725.04(D), "there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of [the] petitioner's application." *Bloss v. Rogers*, 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992).

*State ex rel. Miller* at ¶ 9.

{¶17} Here, the trial court found that in taking judicial notice of the previous petitions filed by Tayse, it was apparent that those filings included copies of his commitment papers. The court further found that the failure to attach his commitment papers to his present petition rendered the court "unable to conduct a full review of the petition" and that such failure required dismissal under R.C. 2725.04(D).

{¶18} Tayse essentially argues on appeal that his convictions are void because a valid indictment was not filed commencing the action back in 2007 and that because his convictions are void, his commitment papers either do not exist or he was not required to file them. However, a review of a journal entry issued by the Ross County Court of Common Pleas on December 28, 2015, in Case No. 15CI360—a time-stamped copy of which was attached to the State's motion to

dismiss—reveals that Tayse's prior Ross County petition was addressed on the merits and was not dismissed based upon procedural grounds. The Ross County court referenced in its journal entry that Tayse was currently "incarcerated in the Ross Correctional Institution pursuant to a Judgment Entry issued by the Summit County Court of Common Pleas" and that Tayse was "sentenced to an indefinite term of thirty (30) years to life in prison." Thus, a review of the Ross County Common Pleas Court journal entry leads to the conclusion that Tayse must have attached his commitment papers to his prior petition.

{¶19} Further, even if we were to reach the merits of Tayse's argument that some sort of deficiency rendered the indictment invalid to the extent it affected the original trial court's subject matter jurisdiction and further rendered his judgment of conviction void, we have not been provided a copy of the trial court record related to Tayse's underlying criminal convictions. As such, Tayse's allegations of voidness and lack of jurisdiction are unsupported and cannot not be reviewed even if Tayse's petition were not plagued with procedural deficiencies. In the absence of any evidence to support Tayse's bare allegations regarding defects in his underlying indictment and lack of subject matter jurisdiction of the Summit County Court of Common Pleas, the failure to attach all of his commitment papers as required by R.C. 2725.04(D) is fatally defective.

{¶20} Next, with respect to the affidavit required to be filed R.C. 2969.25(A)(1)-(4), a review of the record indicates that although Tayse purportedly filed such an affidavit below, he inaccurately claimed that he had filed zero prior civil actions. As set forth above, the trial court listed seven different civil filings that Tayse appears to have initiated in the five years leading up the filing of his petition. In compiling its list, the trial court took judicial notice of filing information readily available on the internet to which it was entitled to take judicial notice. Thus, although Tayse filed an affidavit purporting to satisfy the requirements of R.C. 2969.25(A)(1)-(4), the affidavit was at best inaccurate, and at worst, misleading and false.

{¶21} Moreover, according to the plain language of the statute, Tayse was required to file another affidavit along with his appeal to this Court, however, he did not. As a result, his appeal is procedurally defective and must be dismissed. *Small v. Collins, supra*, at ¶ 16, citing *Robinson v. Miller*, 148 Ohio St.3d 429, 2016-Ohio-7828, 71 N.E.3d 255, ¶ 7 ("The requirements of R.C. 2969.25 are ' "mandatory, and failure to comply with them subjects an inmate's action to dismissal." ' "), quoting *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378, ¶ 1, in turn quoting *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5.

Res Judicata

{¶22} The trial court also dismissed Tayse's petition on res judicata

grounds. The doctrine of res judicata generally states as follows:

> [A] final judgment of conviction bars a convicted defendant who
> was represented by counsel from raising and litigating in any
> proceeding except an appeal from that judgment, any defense or
> any claimed lack of due process that was raised or could have
> been raised by the defendant at the trial, which resulted in that
> judgment of conviction, or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, paragraph nine of the

syllabus (1967).

{¶23} This Court has observed, however, that the Supreme Court of

Ohio has previously "recognized that habeas corpus actions are typically

exempt from res judicata because ' "[c]onventional notions of finality of

litigation have no place where life or liberty is at stake." ' " *Lloyd v.*

*Robinson*, 4th Dist. Ross No. 14CA3462, 2015-Ohio-1331, ¶ 12-13 (also

holding, however, that res judicata applied to bar successive petitions for

habeas corpus), quoting *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d

60, 63, 558 N.E.2d 1178 (1990), in turn quoting *Sanders v. United States*,

373 U.S. 1, 8, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); *see also Patterson v.*

*Bracy*, 2019-Ohio-747, 132 N.E.3d 1115, ¶ 21 ("Under Ohio law, habeas

corpus proceedings are exempt from res judicata").

{¶24} Here, the trial court referenced Tayse's prior filings of writs of habeas corpus in both Ross and Warren counties as grounds for its application of the doctrine of res judicata, noting that the doctrine applies to bar the filing of successive petitions. Our review of the record verifies the trial court's finding that Tayse had filed at least two prior petitions for habeas corpus before filing his current petition. Thus, his most recent petition is barred by the doctrine of res judicata as a successive petition.

{¶25} With respect to the merits of Tayse's arguments, as set forth above, this Court could not review the merits of the arguments even if we were so inclined because Tayse has not provided us with the trial court record related to his Summit County, Ohio convictions. Moreover, we take this opportunity to note that in conducting our de novo review of the trial court's dismissal of Tayse's petition, we have discovered that after Tayse filed his petition for a writ of habeas corpus in the Scioto County Court of Common Pleas on March 18, 2022, he filed an identical petition in the Supreme Court of Ohio on May 27, 2022. The petition filed in the Supreme Court, which was a verbatim copy of the petition filed in Scioto County, was dismissed by the Court on July 19, 2022. *Tayse v. Erdos*, 167 Ohio St.3d 1456, 2022-Ohio-2446, 190 N.E.3d 633. The decision issued by the Supreme Court was titled as a "merit decision[] without opinion[]" and was a sua sponte dismissal. *Id.* Tayse then sought reconsideration of the sua sponte dismissal on

the merits, which was denied after providing a hearing. *See Tayse v. Erdos*, 167

Ohio St.3d 1529, 2022-Ohio-3322, 195 N.E.3d 172. Thus, the Supreme Court of

Ohio has considered a petition identical to the one presently before this Court and

determined that it should be sua sponte dismissed. Had Tayse filed a proper

affidavit containing a description of each civil action or appeal filed in the previous

five years, this information would have been included in the affidavit.

Expiration of Maximum Sentence

{¶26} Finally, as noted by the State in its motion to dismiss and though not

mentioned by the trial court, Tayse is not entitled to extraordinary relief because it

does not appear that his maximum sentence has expired. As set forth above, an

individual may only petition for a writ of habeas corpus if his maximum sentence

has expired and he is being held unlawfully. *Nedea v. Cook*, *supra*, at ¶ 8 and

*Bradley v. Hooks*, *supra*, at ¶ 10. Because Tayse has not provided this Court with

a copy of his commitment papers, there is no information in the record before us

on appeal that definitively provides the length of Tayse's prison terms. However,

as noted above, the Ohio Department of Corrections website contains public

information of which we are entitled to take judicial notice and it indicates that

Tayse appears to be currently serving a definite prison term of 52 years, a 9-year

term on his repeat violent offender specifications convictions, and an  additional

term of 30 years to life. He is not expected to be released from prison until 2080.

As a result, Tayse has not demonstrated that his maximum sentence has expired.

Conclusion

{¶27} To summarize, because Tayse's failure to comply with the procedural requirements set forth above were fatally deficient to his petition, and because his petition was a successive petition barred by res judicata, we cannot conclude that the trial court erred in dismissing his petition on procedural grounds. Further, because Tayse also failed to attach an affidavit required by R.C. 2969.25(A)(1)-(4) to his current appeal and has not demonstrated that his maximum sentence has expired, his appeal to this Court is also procedurally deficient and must be dismissed. Accordingly, the present appeal is hereby dismissed.

**APPEAL DISMISSED.**

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J. concur in Judgment and Opinion.

For the Court,

_____
Jason P. Smith
Presiding Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**