**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Jackson v. Smith***, Slip Opinion No. 2024-Ohio-4742.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-4742

JACKSON, APPELLANT, *v.* SMITH,[1] WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Jackson v. Smith*, Slip Opinion No. 2024-Ohio-4742.]**

*Habeas corpus—Inmate's claims, including challenge to conviction for firearm specification based on indictment's ci4tation of wrong statute, are not cognizable in habeas, and direct appeal was adequate remedy in ordinary course of law—Court of appeals' dismissal of petition affirmed.*

(No. 2024-0033—Submitted July 9, 2024—Decided October 2, 2024.)

APPEAL from the Court of Appeals for Belmont County, No. 23 BE 0014, 2023-Ohio-4738.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ.

_____

1. The current warden of Belmont Correctional Institution, Shelbie Smith, is automatically substituted as appellee for the former warden, David W. Gray, under S.Ct.Prac.R. 4.06(B).

**Per Curiam.**

{¶ 1} Appellant, Barnard M. Jackson, appeals the judgment of the Seventh District Court of Appeals dismissing his petition for a writ of habeas corpus against David W. Gray, the former warden of Belmont Correctional Institution. Jackson argued that his conviction for a firearm specification is void because the indictment cited the wrong statute in charging him with the specification. He also asserted ineffective assistance of counsel. We affirm the Seventh District's dismissal of Jackson's petition because he did not state a cognizable habeas claim.

## I. BACKGROUND

### A. Indictment and No-Contest Plea

{¶ 2} In May 2020, Jackson was indicted in the Montgomery County Court of Common Pleas for felonious assault with a deadly weapon, in violation of R.C. 2903.11(A)(2). The indictment stated that that count carried a specification under "R.C. 2923.161" for "discharging a firearm from a motor vehicle." He was also indicted on four other counts.

{¶ 3} Jackson pleaded no contest to and was convicted of felonious assault with a deadly weapon under R.C. 2903.11(A)(2), the firearm specification attached to that count, and three of the other counts. He was sentenced to two to three years on the felonious-assault count, to be served concurrently with shorter sentences imposed for his convictions on the other counts. For the firearm specification, he received a mandatory three-year prison sentence under R.C. 2941.145, to be served prior to and consecutively to the two-to-three-year sentence for his convictions for the underlying offenses. In total, Jackson was sentenced to five to six years in prison.

### B. Direct Appeal

{¶ 4} Jackson appealed his convictions, but he did not assert in his appeal the arguments that he has since asserted in his petition for a writ of habeas corpus.

*See State v. Jackson*, 2022-Ohio-1522, ¶ 17, 39. The Second District Court of Appeals affirmed his convictions.

### C. Habeas Corpus Petition

{¶ 5} In March 2023, Jackson filed a petition for a writ of habeas corpus in the Seventh District Court of Appeals. Jackson argued that his indictment was invalid because its language describing the firearm specification does not match the language of the specification statute cited in the indictment. Regarding the specification, the indictment charged "a violation of [R.C.] 2923.161 . . . that was committed by discharging a firearm from a motor vehicle other than a manufactured home." Jackson noted that R.C. 2923.161 actually defines a different firearm specification—one not involving a motor vehicle.

{¶ 6} Jackson argued that in the absence of a valid specification attached to the felonious-assault count, the trial court was not authorized to impose the mandatory three-year prison term for his conviction for the specification. A firearm-specification statute, R.C. 2941.145, was cited in the trial court's termination entry, but Jackson argued that the specification statute that matches his conduct and the descriptive language in the indictment is R.C. 2941.146. Therefore, Jackson contended, his conviction for the firearm specification is void and he has been unlawfully restrained since the day he was sentenced.

{¶ 7} Additionally, Jackson claimed that his counsel was ineffective for not challenging the allegedly defective indictment at the plea colloquy, at the sentencing hearing, or on appeal.

### D. Dismissal and this Appeal

{¶ 8} The warden filed a motion to dismiss under Civ.R. 12(B)(6). The Seventh District concluded that a petition for a writ of habeas corpus was not the appropriate mechanism to challenge the validity of the indictment, that Jackson had an adequate remedy in the ordinary course of the law in the form of a direct appeal,

and that the trial court had jurisdiction over his criminal case. Accordingly, the Seventh District granted the warden's motion and dismissed Jackson's petition.

{¶ 9} Jackson has appealed to this court as of right.

## II. ANALYSIS

{¶ 10} We review de novo a judgment dismissing a petition for a writ of habeas corpus under Civ.R. 12(B)(6). *State ex rel. Davis v. Turner*, 2021-Ohio-1771, ¶ 8. To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement. R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 2018-Ohio-4184, ¶ 10. Generally, a writ of habeas corpus is "'available only when the petitioner's maximum sentence has expired and he is being held unlawfully.' " *Leyman v. Bradshaw*, 2016-Ohio-1093, ¶ 8, quoting *Heddleston v. Mack*, 1998-Ohio-320, ¶ 6. "Habeas corpus is not available when the petitioner has an adequate remedy in the ordinary course of law, unless the trial court's judgment is void for lack of jurisdiction." *State ex rel. Jackson v. Watson*, 2023-Ohio-401, ¶ 7.

{¶ 11} Jackson argues that his conviction for the firearm specification and the mandatory prison term imposed for it are void because the indictment's citation to an inapplicable specification statute deprived the trial court of jurisdiction to convict him of the specification, and he notes that he is currently being held past the prison term imposed for his felonious-assault conviction, which was two to three years. Jackson also argues that the incorrect citation in the indictment divested the trial court of subject-matter jurisdiction "because the statute and its contents were against the weight of the evidence and the testimony of all witnesses." The warden argues that Jackson had an adequate remedy in the ordinary course of the law because he could have challenged the indictment on direct appeal. In reply, Jackson argues that he could not have asserted that argument on direct appeal, because he was unaware of the issue at that time.

## A. The Trial Court Had Jurisdiction

{¶ 12} The Montgomery County Court of Common Pleas had jurisdiction over Jackson and his criminal case. R.C. 2931.03; *State ex rel. Thompson v. Gonzalez*, 2024-Ohio-897, ¶ 13 (noting that a court of common pleas had subject-matter jurisdiction over criminal cases involving felonies). Jackson relies on a decision in which the Fourth District Court of Appeals vacated part of a trial court's judgment imposing a mandatory prison term under R.C. 2941.145 because—given the absence in the indictment of certain statutory language—the trial court lacked a statutory basis to impose the mandatory term. *See State v. Clay*, 2013-Ohio-4649, ¶ 6, 78, 89 (4th Dist.). However, *Clay* is of limited applicability here because it was a direct appeal and the Fourth District did not conclude that the trial court lacked jurisdiction.

{¶ 13} Significantly, we have more recently held that an argument alleging that a defendant was convicted of an uncharged offense "does not present a jurisdictional defect" but, rather, is "an attack upon the sufficiency of the indictment, which is not cognizable in habeas corpus." *DeVore v. Black*, 2021-Ohio-3153, ¶ 9; *accord Patrick v. Bunting*, 2017-Ohio-6954, ¶ 7 (habeas corpus is not available to challenge an indictment). Thus, Jackson's claim is not cognizable in habeas corpus.

## B. Direct Appeal Was an Adequate Remedy

{¶ 14} Despite Jackson's protest that he was not previously aware of the alleged error in the indictment, the alleged error existed when he filed his appeal, and he had the opportunity in his direct appeal to make the arguments he asserts here. His failure to do so does not render his direct appeal to be an inadequate remedy in the ordinary course of the law. *See Jackson v. Wilson*, 2003-Ohio-6112, ¶ 9 (the fact that adequate remedies were no longer available because habeas petitioner failed to timely pursue them does not render them inadequate).

Therefore, the Seventh District correctly held in this case that Jackson had an adequate remedy in the ordinary course of the law.

### C. Other Arguments Not Cognizable in Habeas Corpus

{¶ 15} Regarding Jackson's remaining arguments, a claim of ineffective assistance of trial or appellate counsel is not cognizable in a habeas action, *see Handcock v. Shoop*, 2019-Ohio-718, ¶ 6, and Jackson has waived his weight-of-the-evidence argument by failing to raise it below, *see State ex rel. Haddix v. Warden*, 2023-Ohio-1637, ¶ 13. In any event, because Jackson pleaded no contest, no trial was held and no evidence was weighed. *See State v. Leffler*, 2019-Ohio-3964, ¶ 35 (7th Dist.) (because a no-contest plea is an admission of the truth of the facts alleged in the indictment, a defendant who pleads no contest may not claim on appeal that his conviction was against the manifest weight of the evidence). For these reasons, Jackson has failed to state a claim for a writ of habeas corpus.

### III. CONCLUSION

{¶ 16} The Seventh District Court of Appeals correctly dismissed Jackson's petition for a writ of habeas corpus, and we therefore affirm that court's judgment.

Judgment affirmed.

_____

Barnard M. Jackson, pro se.

Dave Yost, Attorney General, and William H. Lamb, Assistant Attorney General, for appellee.

_____